dismiss, certified as final under NRCP 54(b), in a quiet title action.
 Eighth Judicial District Court, Clark County; David B. Barker, Judge.
 The district court denied appellant's motion for a preliminary
 injunction, finding that it was not likely to succeed on the merits. The
 district court then granted Wells Fargo's motion to dismiss, concluding
 that under NRS 116.3116(2), "the HOA may have a priority for payment of
 its lien, but the first security interest Deed was not extinguished by the
 foreclosure sale conducted by the HOA." This court's recent disposition in
 SFR Investments Pool 1, LLC v. U.S. Bank, NA., 130 Nev. 334 P.3d
 408 (2014), decides that a common-interest community association's NRS
 116.3116(2) superpriority lien has true priority over a first security
 interest, and the association may nonjudicially foreclose on that lien. The
 district court's decisions thus were based on an erroneous interpretation of
 the controlling law and did not reach the other issues colorably asserted.
 Accordingly, we
 VACATE the order denying preliminary injunctive relief,
 REVERSE the order granting the motion to dismiss, AND REMAND this
 matter to the district court for further proceedings consistent with this
 order.

 J.
 Hardesty

 J.
 Douglas

SUPREME COURF
 OF
 NEVADA
 2
(0) 1947A
 CHERRY, J., concurring:
 For the reasons stated in the SFR Investments Pool I, LLC v.
 U.S. Bank, NA, 130 Nev. , 334 P.3d 408 (2014), dissent, I disagree
 that respondent lost its lien priority by virtue of the homeowners
 association's nonjudicial foreclosure sale. I recognize, however, that SFR
 Investments is now the controlling law and, thusly, concur in the
 disposition of this appeal.

 cc: Hon. David B. Barker, District Judge
 Greene Infuso, LLP
 Wright, Finlay & Zak, LLP/Las Vegas
 Eighth District Court Clerk

SUPREME COURT
 OF
 NEVADA
 3
(0) 1.947A ea(